IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA O'NEAL,                                Civil No. 09-722-AA
                                               OPINION AND ORDER
    Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Merrill Schneider
Attorney At Law
PO Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

    Claimant, Barbara O'Neal, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1 - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 6, 2004, alleging an onset of disability on June 15, 2002. Tr. 8. Plaintiff's application was denied initially and upon reconsideration. On July 27, 2007, plaintiff applied for and received a hearing with an Administrative Law Judge (ALJ). Tr. 29. On August 15, 2007, the ALJ denied her disability application. Tr. 39. On April 27, 2009, the Appeals Council denied plaintiff's request for review, and the ALJ's decision was made final. Tr. 5.

## STATEMENT OF THE FACTS

Plaintiff was born on August 30, 1964, and was 42 years old on the day of the ALJ hearing. Tr. 79. Plaintiff has a high school diploma. Tr. 33. She has past relevant work as a grocery bagger, grocery delivery driver, and office clerical assistant. Tr. 38. Plaintiff alleged disability since June 15, 2002, due to rheumatoid arthritis, lumbar degenerative disc disease, psoriasis, depression, and anxiety. Tr. 32, 73, 105.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable

2 - OPINION AND ORDER

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments

3 - OPINION AND ORDER

that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At Step One, the ALJ found that plaintiff did not engage in substantial gainful activity after her alleged onset date, June 15, 2002. Tr. 31 At Step Two, the ALJ found plaintiff has the following medically determinable severe impairments: rheumatoid arthritis and lumbar degenerative disc disease. The ALJ found plaintiff's other alleged impairments of psoriasis, depression, and anxiety, were non-severe. Tr. 32-36. At Step Three, the ALJ found plaintiff's severe impairments do not meet or equal the requirements of a listed impairment. Tr. 36. The ALJ then determined that plaintiff retained the residual functional capacity (RFC) to perform the full range of light work, but she

is precluded form climbing ropes, ladders, and scaffolding. She can do occasional bending, balancing, stooping, kneeling, crouching, and crawling, but no frequent balancing. She should avoid concentrated exposure to extreme heat, cold, wet/humidity, fumes, dust, and gases. Tr. 36-38. At Step Four, the ALJ found plaintiff retained the capacity to perform her past relevant work as an office general assistant, and therefore, was not disabled. Tr. 38-39.

### 2. Plaintiff's Allegations of Error

Plaintiff alleges the ALJ erred at step two based on his consideration of the medical evidence. Specifically, plaintiff objects to the ALJ's consideration of the medical opinions from four physicians: Dr. Gregory Melby; Lawrence Lyon, Ph.D; Dr. Gregory Lorts; and Dr. Peter Bonafede. Plaintiff argues that for the period prior to June 2003, she "presented substantial evidence from her doctors [of] mental impairments" and "provided medical evidence of her psoriasis and resulting limitations." Plaintiff's objections are based almost entirely upon medical evidence outside the relevant time period, post-dating her date last insured from at least 6 months and up to 4 years later. Moreover, plaintiff's citations to the record often fail to support her cited statement. Plaintiff asserts that for the period prior to June 2003, she "presented substantial evidence from her doctors [of] mental impairments" and "provided medical evidence of her psoriasis and resulting limitations." (internal citation omitted). The documents at those pages are dated March 23, 2004, and January 3, 2005. Neither document describes any substantive limitation, nor do they indicate a severe impairment,

5    - OPINION AND ORDER

and they fail to address whether plaintiff in fact even had psoriasis prior to June 30, 2003.

Plaintiff next argues that the ALJ "failed to discuss the conclusions and treatment notes" of Drs. Lyon and Melby. I disagree. The ALJ specifically noted Dr. Lyon's consultative evaluation dated February 8, 2007, nearly 2 ½ years after plaintiff's date last insured. Tr. 32, 433-38. The ALJ held, "[b]ased on all the medical evidence of record," plaintiff's alleged mental health impairments, through her date last insured, resulted in mild limitations in Activities of Daily Living, Social Functioning, and Maintaining Concentration, Persistence, or Pace, and no episodes of decompensation. Tr. 32-33. The SSA regulations and the Ninth Circuit holds that mild psychological impairments are appropriately considered nonsevere. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996); and 20 C.F.R. § 404.1520a(d)(1). Plaintiff has failed to present any evidence of severe mental impairment prior to June 30, 2003.

During the relevant time period, June 2002 through June 2003, plaintiff was treated at the Dalles Clinic by Dr. Robert Mishra, and Erika Wilson, PA-C. Tr. 227-35. Plaintiff's first report of depression was May 27, 2003, when Ms. Wilson noted that, "[i]ncidentally, she mentioned that she has been depressed about having chronic pain. . . and she answers positively to suicidal ideation." Tr. 228. Ms. Wilson further noted that plaintiff "has been treated with Zoloft in the past with an excellent response, but she [discontinued taking the medication] as she felt she was doing so well." Tr. 228. The record shows that treatment with Zoloft was again successful. On August 13,

6   - OPINION AND ORDER

2003, plaintiff was noted to have an "excellent response" and "near remission of depression symptoms" with Zoloft. Tr. 32, 226. Plaintiff then switched to Lexapro for insurance reasons, however, by September 15, 2003, Ms. Wilson reported that plaintiff had an "excellent response to Lexapro" and that plaintiff felt her "depression has remitted." Tr. 32, 225. The depression diagnosis was then dropped from plaintiff's diagnoses in subsequent visits and by May 2004, plaintiff had again discontinued her medication and her diagnoses was modified to seasonal affective disorder. Tr. 32, 219-20, 221-25. Plaintiff fails to meet her burden to show that she had a severe impairment, or combination of impairments, which lasted or was expected to last for a period of twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff fails to present evidence of a severe mental impairment prior to June 30, 2003.

Moreover, contrary to plaintiff's assertions, Dr. Melby did not treat plaintiff during the relevant time period. Dr. Melby first saw plaintiff on August 2, 2004. Tr. 372. The record does not provide any material from Dr. Melby prior to the August 2, 2004 date. Therefore, Dr. Melby's diagnoses of depression and anxiety, made on December 5, 2006, and May 2, 2007, respectively, were three and four years after her date last insured. There can be no dispute that none of these reports suggest plaintiff suffered severe mental impairment prior to June 30, 2004, and therefore, they fail to provide substantial evidence of mental impairment. Also, because Dr. Melby did not treat plaintiff for three years prior to his October 2004 disability letter, the ALJ correctly found it conclusory and unsupported by any evidence.

7   - OPINION AND ORDER

In fact, Dr. Melby had seen plaintiff only twice prior to the October 2004 disability opinion, with the second visit occuring on the date of the letter. Similarly, the ALJ properly rejected Dr. Melby's check-the-box report. I find the ALJ's Step Three finding was supported by substantial evidence. Finally, plaintiff asserts that she was assessed with depression in November 2002, by Dr. Daniel Sager. Dr. Sager's progress note actually lists "depression" as the fourth of five problems, and he omits it completely from his "impressions," other than noting plaintiff's tearfulness in the clinic that day. Tr. 579. Two months later, on February 3, 2003, Dr. Sager again omits any reference to depression as either a "problem" or "impression." Tr. 574. I find that Dr. Sager's November 2002 reference to depression, standing alone, fails to satisfy plaintiff's burden of proving a severe mental impairment. Barnhart v. Walton, 535 U.S. 212, 217 (2002).

Plaintiff also asserts that the ALJ failed to consider the medical evidence of Drs. Lorts and Bonafede. I disagree. The ALJ specifically considered these opinions and properly found there was no substantial evidence of psoriasis as a severe impairment. Tr. 32, 35-36. Because the only suggestion of psoriasis arises after plaintiff's date last insured, she fails to prove psoriasis was a severe impairment during the relevant time period.

The court fails to find merit in any of plaintiff's remaining allegations of error. I find that the ALJ's decision was supported by substantial evidence and that the ALJ applied correct legal standards. 42 U.S.C. § 405(g); Tommasetti v.

8    - OPINION AND ORDER

Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(internal citation omitted).

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this 29 day of October 2010.

_____
Ann Aiken
United States District Judge